IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FAMILY MEDICINE PHARMACY, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-00188-KD-B |
| ) | |
| PRIMED PHARMACEUTICALS, LLC, ) | |
|     Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Primed Pharmaceuticals, LLC. (Doc. 13). Upon consideration, the motion is **GRANTED in part** and **DENIED in part**.

**I.     Background**

On April 7, 2015, Plaintiff filed a class action complaint against the Defendant. The Complaint contained a one count allegation that Defendant violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA") when it sent facsimile ("fax or faxes") communications to Plaintiff's business. On July 15, 2015, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a default against the Defendant for failure to plead, answer, or otherwise defend. (Doc. 12). Plaintiff now seeks default judgment.

Plaintiff's motion for default judgment seeks damages "for itself and all others similarly situated who or which received unauthorized faxes." (Doc. 13-1 at 3). However, Plaintiff has not moved for, nor has the Court certified a class in this matter. As such, entry of default judgment on behalf of a non-existent class is improper. Thus, the Court will evaluate and enter judgment only regarding the named plaintiffs.[1]

---

[1] In *Aleobua v. United Wellness Cmty., LLC*, the Eastern District of Michigan determined that granting a motion for default as to a potential class that had not been certified was inappropriate, but did grant default judgment as to the

**II.      Standard of Review**

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed.R.Civ.P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default judgment. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
> * * *
>
> *(2) By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

---

named plaintiffs only. The court explained,"[T]he Court must first determine whether class certification is appropriate before it may decide whether to enter a default judgment in favor of the entire class. These two questions must be addressed in this order because absent class certification, no default as to the (nonexistent) class can be made…When Plaintiffs filed their renewed motion for default judgment, they had not yet requested the Court to even conditionally certify a collective class, and thus there was no class on whose behalf the Court could enter a default judgment…the Court declines to enter a default judgment against [the Defendant] on behalf of the putative collective-class members at this time.")." 2014 WL 6085692, at *1 (E.D. Mich. Nov. 13, 2014)(internal quotations and citations omitted). See also *Davis v. Precise Commc'n Servs., Inc.,* 2009 WL 812276, at *1-2 (N.D. Ga. Mar. 27, 2009)(holding that default judgment on behalf of uncertified class was inappropriate).

FED.R.CIV.P. 55(b)(2).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (*per curiam*) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*. (emphasis omitted). Therefore, Plaintiff must establish a "prima facie liability case" against the defendant. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted). Further, when assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Overall, "there is a strong policy of determining cases on their merits" and therefore defaults are viewed "with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). Finally, "allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999).

**III.     Discussion**

Plaintiff claims that Defendant violated the TCPA when it sent unsolicited faxes to the Plaintiff. Specifically, the complaint alleges, "…[O]n March 27, 2015, [the Defendant] faxed advertisements to Plaintiff, annexed hereto as Exhibit A, advertising the commercial availability of Defendant's product – namely pharmaceuticals." (Doc. 1 at 4, ¶ 15).  In *Alea London Ltd. v. Am. Home Servs., Inc.,* the Eleventh Circuit explained:

> …[T]he TCPA makes it "unlawful for any person ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA creates a private right of action under which a party can bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." *Id.* § 227(b)(3)(B). The TCPA is essentially a strict liability statute which imposes liability for erroneous unsolicited faxes. *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1311 (11th Cir.2008).
>
> However, if the court determines that "the defendant willfully or knowingly violated" the TCPA, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than *3 times the amount available under subparagraph (B) of this paragraph.*" 47 U.S.C. § 227(b)(3) (emphasis added). The TCPA does not require any intent for liability except when awarding treble damages. *Penzer,* 545 F.3d at 1311.

638 F.3d 768, 776 (11th Cir. 2011)(emphasis in original). [2]

Plaintiff's motion for default judgment seeks a total award of $3,428.75 which is comprised of the following: $1,500 for its receipt of an unsolicited fax from the Defendant, $1,500 for its receipt of an unsolicited fax that failed to provide a proper opt-out provision, and $428.75 in litigation expenses. (Doc. 13-1). [3] The affidavit submitted in support of the motion for

---

[2] In *Mims v. Arrow Financial Services, LLC*, the United States Supreme Court held that state and federal courts have concurrent jurisdiction over private suits arising under the TCPA. 132 S. Ct. 740 (2012). Prior to *Mims*, the Eleventh Circuit had determined that Congress granted state courts exclusive jurisdiction over private actions brought under the TCPA. *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1288 (11th Cir.) *opinion modified on reh'g,* 140 F.3d 898 (11th Cir. 1998) *abrogated by Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

[3] Paragraphs 10-13 of Plaintiff's Motion for Default Judgment state, "10. Plaintiff received an unsolicited facsimile from the Defendant in violation of 47 U.S.C. § 221. The maximum statutory damages for said violation if $1,500.00. 11. Plaintiff received an unsolicited facsimile that failed to provide proper opt-out provision which is a violation of

default judgment states that Plaintiff "relies upon the record in this case and the affidavit submitted herein in Exhibit A" in support of its motion. (Doc. 13 at 1).

The Complaint alleges the Defendant sent more than one fax to the Plaintiff in violation of the TCPA. However, Exhibit A to the Complaint contains a copy of only one fax, dated March 27, 2015 11:04 a.m. (Doc. 1 at 11). There are no other faxes in the record. Accordingly, the Court will consider only this fax as evidence. *See Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015)(internal citations and quotations omitted)("It is well settled that [t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, but [t]he defendant is not held to admit facts that are not well-pleaded. [Defendants], by default judgment, be held liable for a fax that was not alleged in the complaint."). The Court has also considered that under the TCPA, a single fax may include more than one violation of the statute. *Id*. at 1105-06.

### A. First Alleged Violation – Transmission of Unsolicited Fax

Plaintiff alleges that the fax it received from the Defendant was unsolicited, and the parties had no prior business relationship.[4] Under these circumstances, the statute provides that the Plaintiff may seek "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(c)(5)(b).

As Plaintiff has provided no evidence of actual damages, an award of $500 is appropriate. Treble damages are unwarranted as there is no evidence of a knowing or willful violation of the statute. 47 U.S.C. § 227(b)(3). *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106-07 (11th Cir. 2015) (finding plaintiff ineligible for treble damages when no evidence of

---

47 U.S.C. § 221. The maximum statutory damages for said violation if $1,500.00. 12. Plaintiff has incurred a total of $428.75 in litigation expenses in pursuing said claim. 13. Plaintiff's total statutory damages and cost[s] incurred is $3,428.75. (Doc. 13-1 at 3).

[4] Although the fax contains an opt-out statement, it arguable does not comply with the statutes' requirements.

5

knowing or willful violation presented). Accordingly, Plaintiff is awarded $500 based on Defendant's transmission of an unsolicited fax in violation of the 47 U.S.C. § 227(b)(3).

### B.     Second Alleged Violation – Failure to Include Opt Out Provision

In Paragraph 12 of the motion for default judgment, Plaintiff states it "received an unsolicited facsimile that failed to provide proper opt-out provision which is a violation of 47 U.S.C. § 221."[5] (Doc. 13-1 at 3).  The only fax before the Court contains the following sentence, "If you have received this fax in error please fax or email to remove your number from our database." (Doc. 1 at 11).

Plaintiff has failed to provide any support for its allegation that a failure to include an opt-out provision, standing alone, amounts to a violation of the statute. It appears to the Court that the lack of an opt-out provision is pertinent to a safe harbor exception to the statute, rather than to a stand alone violation. *See Neurocare Inst. of Cent. Florida, P.A. v. Healthtap, Inc.,* 8 F. Supp. 3d 1362, 1367-68 (M.D. Fla. 2014) ("47 U.S.C. § 227(b)(1)(C) provides a safe harbor for the transmission of an unsolicited fax advertisement. That safe harbor provision has three elements that must be met: (1) the sender and recipient have an established business relationship; (2) the recipient voluntarily shared its fax number within the context of the established business relationship or the recipient voluntarily made its fax number available for public distribution (for example, by submitting the fax number to a website or directory); and (3) the fax contained an opt-out notice as required by the statute and applicable FCC regulations. *See* 47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4).").

Accordingly, any requested relief based on this alleged opt-out related violation is **DENIED**.

---

[5] Section 221 pertains to consolidation and mergers of telephone companies. It appears to the Court that Plaintiff intended to reference § 227.

### C.     Litigation Expenses

Plaintiff seeks $428.75 in litigation expenses but has provided no evidence of these expenses to the Court. Further, a party seeking costs must do so in compliance with S.D. Ala. CivLR 54. *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1107-08 (11th Cir. 2015) (noting that Plaintiff must comply with Local Rules and Federal Rules of Civil Procedure when seeking costs as part of default judgment in TCPA case). Thus, Plaintiff's request for expenses is **DENIED**.

### IV.    Conclusion

The motion for default judgment is **GRANTED IN PART** as follows: Plaintiff is awarded $500 for Defendant's violation of the TCPA. 47 U.S.C. § 227(b)(3), based on Defendant's transmission of the unsolicited fax found at Doc. 1 at 11. Pursuant to Federal Rule of Civil Procedure 58, judgment will issue by separate document.[6]

**DONE** and **ORDERED** this **7th** day of **March 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[6] Plaintiff has not addressed the proposed class action claims, thus, they are deemed abandoned. Accordingly, any class action claims are **DISMISSED**.